UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JILLIAN SURTEES
114 North First Street
Oakfield, Wisconsin 53065

       Plaintiff,

       v.

GROESCHEL COMPANY, INC.
N10210 Highway 151
Malone, Wisconsin 53049

       Defendant

Case No.: 23-cv-945

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Jillian Surtees, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Jillian Surtees, is an adult female resident of the State of Wisconsin with a post office address of 114 North First Street, Oakfield, Wisconsin 53065.

5. Defendant, Groeschel Company, Inc., was, at all material times herein, a commercial entity with a principal address of N10210 Highway 151, Malone, Wisconsin 53049.

6. Defendant is a mechanical contractor.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

## GENERAL ALLEGATIONS

12. On or about August 15, 2022, Defendant hired Plaintiff into the position of Accountant.

13. During Plaintiff's employment with Defendant, Plaintiff performed compensable work each workweek in the position of Accountant at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge primarily based out of Defendant's Malone, Wisconsin location.

14. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with an hourly rate of $28.85, or a total amount of approximately $1,154.00 per workweek, for any and all hours worked and/or work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge each workweek in her Accountant position.

15. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

16. On or about June 29, 2023, Plaintiff's employment with Defendant ended.

17. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Plaintiff performed approximately 27.50 hours of compensable work in her Accountant position on behalf of Defendant, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge at Defendant's Malone, Wisconsin location.

18. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Defendant did not

compensate Plaintiff for any hours worked or work performed in her Accountant position on its behalf, for its benefit, at its direction, and/or with its knowledge at its Malone, Wisconsin location.

19. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Defendant suffered or permitted Plaintiff to work in her Accountant position at its Malone, Wisconsin location without compensating her for any hours worked or work performed on its behalf, for its benefit, at its direction, and/or with its knowledge.

20. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Defendant suffered or permitted Plaintiff to work in her Accountant position at its Malone, Wisconsin location without compensating her with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed during this time period.

21. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Defendant failed to compensate Plaintiff with her earned and agreed-upon regular hourly rate of pay for any and all hours worked and work performed in her Accountant position at its Malone, Wisconsin location on its behalf, for its benefit, at its direction, and/or with its knowledge.

22. During Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, Defendant suffered or permitted Plaintiff to work in her Accountant position at its Malone, Wisconsin location without appropriately and lawfully compensating her for any and all hours worked during this time period.

23. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

24. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

25. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant and during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, and for which Plaintiff was not properly and lawfully compensated, in the total amount of approximately $793.38, in addition to liquidated damages and attorneys' fees and costs.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)**

26. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

27. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

28. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

29. During Plaintiff's employment with Defendant, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour

for any and all hours worked and work performed during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023.

30. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

31. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendant.

32. Plaintiff is entitled to damages equal to the minimum wages due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

33. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)

34. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

35. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

36. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

37. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

38. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023 without receiving compensation for these activities at the hourly rate of $7.25.

39. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023.

40. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable

relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

41. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
## (FAILURE TO PAY AN AGREED-UPON WAGE)

42. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

43. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

44. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

45. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

46. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023 without receiving compensation for these activities at her previously agreed-upon rate of pay with Defendant.

47. During Plaintiff's employment with Defendant, and in willful violation of the WWPCL, Defendant failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing

to compensate her at her previously agreed-upon rate of pay during the workweek that comprised the time period of approximately June 25, 2023 to July 1, 2023, totaling approximately $793.38.

48. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

49. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages and agreed-upon and wages in the total amount of approximately $793.38 – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendant under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 14th day of July, 2023

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          s/ ***Scott S. Luzi***
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405
                                          David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com